UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| LISA ALLEN and MISTY DALTON, | ) | |
| Plaintiffs, | ) | |
| v. | ) | 15-cv-03053 |
| | ) | |
| GREATBANC TRUST COMPANY, | ) | Hon. James Zagel |
| Defendant. | ) | |

**MEMORANDUM OF LAW IN SUPPORT OF DEFENDANT'S MOTION TO DISMISS**

Defendant GreatBanc Trust Company ("GreatBanc") files this Memorandum in Support of its Motion to Dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim upon which relief may be granted. GreatBanc requests that the dismissal be with prejudice because it is apparent that the Plaintiffs failed to conduct an adequate investigation into the facts or law before filing this action.

**I.     THIS ACTION SHOULD BE DISMISSED WITH PREJUDICE**

**A.     Introduction**

This action concerns a December 2010 transaction in which the Employee Stock Ownership Plan ("ESOP") of Personal-Touch Home Care, Inc. ("Personal-Touch" or "the Company") purchased the stock of the Company (the "Transaction"). (Complaint ¶¶ 3, 5). The value of the stock dropped after the Transaction. Now, more than four years after the Transaction, Plaintiffs assert that GreatBanc, as Trustee of the ESOP, breached its fiduciary duty and engaged in a prohibited transaction under the Employee Retirement Security Act of 1974, as amended, 29 U.S.C. § 1001 *et seq.* ("ERISA") by approving the Transaction. GreatBanc moves to dismiss this action with prejudice because Plaintiffs' Complaint fails to meet the pleading requirements repeatedly set forth in Supreme Court decisions and it is apparent that Plaintiffs did not conduct an adequate investigation into the facts or law before filing this action.

While the Plaintiffs' Complaint seeks to tarnish GreatBanc's reputation, it completely fails to set forth factual allegations with the specificity required under the law. Plaintiffs' Complaint can be summed up as follows: the value of Personal-Touch stock declined after the Transaction, therefore the ESOP overpaid for the stock. As set forth below, courts repeatedly have held this is not enough to state a claim.

### B. Plaintiffs Failed to Conduct an Adequate Pre-Filing Investigation

Rule 11 of the Federal Rules of Civil Procedure requires, in part:

> …By presenting to the court a pleading, written motion, or other paper--whether by signing, filing, submitting, or later advocating it--an attorney or unrepresented party certifies *that to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances:*…
>
>   (2) the claims, defenses, and other legal contentions are warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law or for establishing new law;
>
>   (3) *the factual contentions have evidentiary support or, if specifically so identified*, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery…Fed. R. Civ. P. 11(b) (emphasis added).

Plaintiffs apparently filed their Complaint without undertaking even a basic investigation of the facts. The Complaint itself demonstrates this:

> ¶ 8. …Currently, the value of the ESOP shares is **unknown**…
>
> ¶ 17. …After the sale it is **unknown** what percentage of Personal-Touch stock is owned by the ESOP.
>
> ¶ 18. …It is **unknown** whether GreatBanc hired anyone as its financial advisor for the proposed 2010 Transaction.

Plaintiffs had over **four years** to conduct an adequate pre-filing investigation, and this is the best they could come up with. Rule 11 imposes an affirmative duty to conduct a reasonable inquiry

into the facts and the law before filing an action. *Bus. Guides, Inc. v. Chromatic Commc'ns Enters., Inc.,* 498 U.S. 533, 551 (1991). It is apparent from the Plaintiffs' Complaint and its lack of factual support that Plaintiffs did not make a reasonable inquiry into the facts before filing this action. Accordingly, this action should be dismissed with prejudice.

### C. Plaintiffs' Complaint is Devoid of Facts to Support Their Claims

In *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544 (2007) and *Ashcroft v. Iqbal,* 556 U.S. 662 (2009), the Supreme Court articulated new, heightened pleading standards that govern pleadings in all civil actions.[1] The *Twombly* Court held that a complaint must contain "*sufficient factual matter*, accepted as true, to 'state a claim to relief that is plausible on its face'" in order survive dismissal. *Twombly*, 550 U.S. at 570 (emphasis added). Under this standard, "factual allegations [in the complaint] must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555 (citing 5 C. Wright & A. Miller, Fed. Prac. & Proc. § 1216, pp. 235-236 (3d ed. 2004)). A sheer possibility that a defendant acted in an unlawful manner is insufficient. *See Twombly,* 550 U.S. at 556; *see also Iqbal,* 129 S. Ct. at 1949.

Recently, in *Fifth Third Bancorp v. Dudenhoeffer,* 134 S. Ct. 2459 (2015), the Supreme Court emphasized that a complaint for breach of fiduciary duty under ERISA must meet the pleading standards set forth in *Twombly* and *Iqbal* by plausibly alleging facts to demonstrate that the fiduciary acted imprudently under the circumstances prevailing at the time of the fiduciary acts. *Fifth Third Bancorp v. Dudenhoeffer,* 134 S. Ct 2459, *2471 (2015).

Plaintiffs' Complaint is devoid of factual support. Plaintiffs' Complaint is nothing more than a compilation of speculative and conclusory allegations. Rule 8 of the Federal Rules of

---

[1] In *Twombly,* the Supreme Court issued an interpretation of the pleading requirements set forth in Rule 8(a)(2), which the Court in *Iqbal* explicitly held governs pleading in *all* civil actions. *Iqbal*, 129 S. Ct. at 1953.

81070191.6                                3

Civil Procedure "does not unlock the doors of discovery for a plaintiff armed with nothing more than conclusions." *Iqbal*, 556 U.S. 662, at 678-79.

### 1. Plaintiffs' Factual Allegations are Insufficient

"A complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 at 570 (2007)). Plaintiffs must plead factual content that allows this court to draw the reasonable inference that the defendant is liable for the misconduct alleged. *Id*.

Plaintiffs' Complaint merely parrots elements of complaints brought in other "stock drop" cases, but there is no meat on the bones. Courts repeatedly have held that a drop in stock price alone is insufficient to state a claim for breach of fiduciary duty under ERISA. (*See In Re JPMorgan Chase & Co. ERISA Litigation,* 2014 U.S. Dist. LEXIS 46366, *13 (2d Cir. 2014), (24% drop in share price insufficient to show company in dire circumstances); *Taveras v. UBS AG,* 513 Fed. Appx. 19, 2013 App. LEXIS 4016, *7-8 (2d Cir. 2013) (30% stock decline during class period and 74% decline overall insufficient to show dire circumstances); *Gearren v. The McGraw-Hill Companies, Inc.,* 660 F.3d 605, 609-610 (2d Cir. 2011) (64% stock decline insufficient to show defendants knew company was in dire circumstances).[2]

The factual allegations in Plaintiffs' Complaint do not state a claim under the applicable pleading standards. The following is the essence of what Plaintiffs plead:

(1) Personal-Touch established the Personal-Touch Employee Stock Ownership Plan effective January 1, 2010. (Compl. ¶17.)

---

[2] While these decisions were rendered before the Supreme Court held in *Dudenhoeffer* that an ERISA fiduciary was not entitled to a presumption of prudence relating to employer stock, the reasoning of these courts is still sound that plaintiffs must plead more than a drop in the stock price to state a claim under ERISA, as the *Dudenhoeffer* Court recognized.

(2) Personal-Touch engaged GreatBanc to serve as trustee of the ESOP. (Compl. ¶¶ 15, 18.)

(3) On December 9, 2010, GreatBanc, as trustee of the ESOP, and Personal-Touch completed a transaction whereby the ESOP purchased common stock of Personal-Touch for $60 million. (Compl. ¶5.)

(4) The ESOP's purchase of stock was financed through a note with Personal-Touch at an annual interest rate of 6.25%. (Compl. ¶¶ 7, 20.)

(5) Since the Transaction closed, the value of stock held by the ESOP has declined (Compl. ¶¶ 8, 21, 22, 23, 29.)

While Plaintiffs' Complaint asserts without any factual support that the value of the stock purchased by the ESOP was inflated and that the valuation report received by GreatBanc was flawed, Plaintiffs fail to identify any action or omission by GreatBanc or its financial advisor that support these bald assertions. Plaintiffs, moreover, fail to plead any facts to indicate *how* GreatBanc allegedly breached its fiduciary duty to the ESOP or how, from information available at the time of the Transaction, GreatBanc should have known that the stock value would decline in the future.

### 2. The Allegations in Plaintiffs' Complaint are Conclusory and Speculative

A plaintiff's obligation to provide the grounds of his or her entitlement to relief "requires more than mere labels and conclusions, and a formulaic recitation of the elements of the cause of action will not do." *Twombly*, 550 U.S. at 555. Indeed, "the tenet that a court must accept a complaint's allegations as true is inapplicable to threadbare recitals of a cause of action's elements, supported by mere conclusory statements." *See Iqbal*, 129 S. Ct. at 1949 (*citing*

*Twombly*, 550 U.S. at 555). Paragraph after paragraph of Plaintiffs' Complaint are conclusory and speculative with no factual support. For example:

> ¶ 20. …GreatBanc resorted to seller-financing because it was *presumably* unable to arrange bank financing for the ESOP Transaction.
>
> ¶ 27. GreatBanc *either* failed to conduct adequate due diligence or ignored the facts...
>
> ¶ 30. Given the precipitous decline of the value of Personal-Touch stock, *it is implausible that* GreatBanc adequately and diligently reviewed or analyzed Personal-Touch's earning statements.
>
> ¶ 31. GreatBanc *almost* certainly did not undertake an independent investigation of Personal-Touch's revenues.

(Emphasis added).

Under the standards articulated in *Twombly* and *Iqbal,* this Court need not accept as true the conclusory and speculative statements set forth in Plaintiffs' Complaint. *Iqbal* at 679 ("…a court considering a motion to dismiss can choose to begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth.") Legal conclusions must be supported by factual allegations. *Id.* Plaintiffs' Complaint contains no well-pled factual allegations to support their conclusions. *Id.*

### 3. Plaintiffs' Allegations are Inflammatory and Irresponsible

Plaintiffs' Complaint contains inflammatory and irresponsible assertions in a transparent attempt to prejudice this Court against GreatBanc:

> ¶ *21*. ...the Transaction was a get-rich-quick scheme for the selling shareholders at the expense of Personal-Touch employees.
>
> ¶ 25. GreatBanc has a history of failing to carry out its fiduciary duties in ESOP transactions.

Plaintiffs attempt to support the foregoing allegation by referring to a settlement agreement in *Solis v. GreatBanc Trust Company,* U.S. District Court for the Central District of California, Case No. ED-CV12-1648 (Filed September 28, 2012) that was entirely unrelated to the instant case. Plaintiffs imply that the ***settlement*** in the *Solis* case was an adjudication, but Plaintiffs conspicuously omit to disclose to this Court that the settlement agreement in that case expressly states:

> WHEREAS, the parties agree to settle on the terms and conditions hereafter set forth as a full and complete resolution of all of the civil claims and issues arising between them in this action *without trial or adjudication of any issue of fact or law raised in the Secretary's Complaint in this action* and other claims and issues as set forth in this Settlement Agreement; *Id.* at Docket 166-1 (Emphasis added).

Plaintiffs ***concede*** that the policies and procedures set forth in the agreement between GreatBanc and the Department of Labor appended to the settlement agreement in that case ***were not in place*** at the time of the Personal-Touch stock sale in 2010. Plaintiffs ***concede*** that those policies and procedures are not applicable to the Personal-Touch ESOP's purchase of Personal-Touch stock. Nevertheless, Plaintiffs assert without any support that those policies and procedures would have been "directly applicable to the Personal Touch ESOP's purchase of Personal Touch stock" ***three and a half years before*** the settlement of the *Solis* case. There is nothing in the *Solis* settlement agreement that makes it applicable to the Transaction that is the subject matter of the instant case.

Plaintiffs also conspicuously omit language in the *Solis* case settlement agreement that this Court may take judicial notice of:

> WHEREAS, the Secretary and GreatBanc have engaged in a ***constructive and collaborative effort*** to establish binding policies and procedures relating to GreatBanc's fiduciary engagements and to its process of analyzing transactions involving purchases or

>sales by ERISA-covered employee stock ownership plans ("ESOPs") of employer securities that are not publicly traded. *Id.*

The introductory paragraph of the agreement attached to the *Solis* Settlement Agreement also acknowledges a ***collaborative*** process between GreatBanc and the Secretary of Labor. *Id.*

### 4. A Decline in Stock Value Alone is Insufficient to State a Claim for Breach of Fiduciary Duty

Last year, in *Dudenhoeffer,* the Supreme Court, concerned about the proliferation of meritless stock drop cases, emphasized the need for courts to carefully scrutinize the context of a complaint's allegations under the rigorous standards set forth in *Twombly* and *Iqbal*. *Id.* The *Dudenhoeffer* Court made it clear that a plaintiff must plead with specificity its claims against the defendant and that a fiduciary is not expected to predict the future of the company's stock performance. *Id., citing to Quan v. Computer Sciences Corp.,* 623 F. 3d 870, 881 (9th Cir. 2010).

It is not enough to speculate, as Plaintiffs do, that GreatBanc must have done something wrong because the value of Personal-Touch stock dropped post-Transaction. Courts judge a fiduciary's actions based upon information available to the fiduciary at the time of the transaction; not in hindsight. *Pension Ben. Guar. Corp. ex rel St. Vincent Catholic Medical Center v. Morgan Stanley,* 712 F.3d 705, 716 (2d Cir. 2013) citing to *In re Citigroup ERISA Litig.,* 662 F.3d 128, 140 (2d Cir. 2011). Plaintiffs' Complaint is nothing more than Monday-morning quarterbacking based on a drop in share price. No matter the magnitude of the stock decline, this Court should consider only GreatBanc's conduct in arriving at its decision to approve the Transaction. *Id.* at 718*, citing to In re Unisys Sav. Plan Litig.,* 74 F.3d 420, 434 (3d Cir. 1996). ERISA's duty of care requires "prudence, not prescience. *Id. citing to DeBruyne v. Equitable Life Assurance Soc'y of the U.S.,* 920 F2d 457, 465 (7th Cir. 1990).

To meet the pleading standards of *Iqbal* and *Twombly,* a complaint must contain "nonconclusory factual content raising a plausible inference of misconduct and does not rely on the 'vantage point of hindsight.'" *Id.* Like the plaintiffs in *Morgan Stanley,* the Plaintiffs here have provided no factual allegations referring directly to GreatBanc's knowledge, method or investigation at the relevant times. *Id.* Plaintiffs cannot rely on the magnitude of a decrease in stock price alone, after the fact, to show that a different decision should have been made. *Id.* Plaintiffs' Complaint contains even less factual information upon which the Court may assess GreatBanc's actions than the complaint in the *Morgan Stanley* case that the court found insufficient.

Circumstantial factual evidence must give rise to a reasonable inference of a breach of fiduciary duty. *Id.* Circumstantial factual evidence must be *suggestive* of, rather than merely consistent with, a finding of misconduct. *Id.* at 719. For a decline in stock price to serve as evidence of a breach of fiduciary duty, the Plaintiff must allege other facts to connect warning signs to the fiduciary conduct. *Id.* at 721. Conclusory allegations in a complaint are a "danger sign that the plaintiff is engaged in a fishing expedition." *Id.* citing to *DM Research, Inc. v. Coll. Of Am. Pathologists,* 170 F.3d 53, 55 (1st Cir. 1999). A fishing expedition is precisely what we have in this case.

## II. CONCLUSION

That Plaintiffs have chosen to resort to conclusory, speculative and inflammatory allegations in an attempt to prejudice this Court against GreatBanc only serves to underscore Plaintiffs' utter failure to investigate their claims before filing and to plead sufficient facts to support their bald assertion that GreatBanc violated ERISA.

For the foregoing reasons, Defendant GreatBanc Trust Company respectfully requests that the Court dismiss the Complaint with prejudice.

Respectfully Submitted,

 /s/ Julie A. Govreau
Attorneys for Defendant
GREATBANC TRUST COMPANY

Theodore M. Becker
Julie A. Govreau
DRINKER BIDDLE REATH, LLP
191 N. Wacker Drive, Suite 3700
Chicago, IL 60606
ted.becker@dbr.com
julie.govreau@dbr.com

## CERTIFICATE OF SERVICE

      I hereby certify that, on June 5, 2015, I caused a true and correct copy of the foregoing Memorandum In Support of Defendant's Motion to Dismiss to be filed electronically using the Court's CM/ECF system and to thereby be served upon on all registered participants identified in the Notice of Electronic Filing in this matter on this date.


Dated: June 5, 2015                                                                  */s/ Julie A. Govreau*
                                                                                            Julie A. Govreau


| | |
|---|---|
| Elizabeth Daley Hoskins Dow: | ldow@baileyglasser.com |
| Patrick Owen Muench: | pmuench@baileyglasser.com |
| Gregory Y. Porter: | gporter@baileyglasser.com |
| Theodore M. Becker: | tbecker@dbr.com |