# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| LISA ALLEN and MISTY DALTON,<br><br>Plaintiffs,<br><br>v.<br><br>GREATBANC TRUST COMPANY,<br><br>Defendant. | No. 15 C 3053<br>Judge James B. Zagel |

## MEMORANDUM OPINION AND ORDER

Plaintiffs are two current and former employees of Personal-Touch Home Care, Inc. ("Personal-Touch"), who participated in the company's Employee Stock Ownership Plan ("ESOP") when it was created in 2010. Plaintiffs bring this suit against the trustee of the ESOP, Defendant GreatBanc Trust Company, under the Employee Retirement Income Security Act ("ERISA"), 29 U.S.C. § 1001 *et seq.* (2012). In claim one, Plaintiffs allege that Defendant breached its fiduciary duty because the ESOP overpaid for shares of Personal-Touch stock and borrowed money at an unreasonable rate to fund its purchase. In claim two, Plaintiffs allege that the actions in claim one violated ERISA's prohibited transaction rules.

This matter is presently before me on Defendant's motion to dismiss both claims under Federal Rule of Civil Procedure 12(b)(6). For the following reasons, I grant Defendant's motion.

## BACKGROUND

An ESOP is a type of retirement compensation plan where an employer allows its employees to purchase company stock. Typically, employees do not directly control the ESOP. Instead, control is often delegated to a third-party fiduciary, who is required to manage the plan prudently under 29 U.S.C. § 1104.

1

Lisa Allen and Misty Dalton are current and former employees of Personal-Touch, a privately held corporation that provides at-home health care to customers in eleven states. Allen worked as a field nurse, and Dalton as a healthcare management administrator. Defendant is the trustee and fiduciary of the Personal-Touch ESOP, and has been for all relevant periods.

Both Allen and Dalton were participants in the ESOP when it purchased an unknown percentage of Personal-Touch shares for $60 million on December 9, 2010. The transaction was funded by a $60 million loan from Personal-Touch (and/or its principal shareholders) to the ESOP, payable over 30 years with 6.25% annual interest.

According to Plaintiffs, the value of ESOP's Personal-Touch shares was only 78% of the purchase price about one month after the transaction, 50% by the end of 2011, and 45% by the end of 2013. Plaintiffs also allege that the market rate for a loan similar to the one extended to the ESOP is 4.25%, significantly lower than the rate the ESOP received. In the complaint, Plaintiffs initially alleged that this 4.25% market rate was determined by Defendant's own accountants in the ESOP's "2010 5500 Financial Statement Note G." Plaintiffs have since conceded in their Sur-Reply to Defendant's motion that the financial statement provides no such determination. Plaintiffs, however, maintain their allegation of the market rate without this support.

**LEGAL STANDARD**

A motion to dismiss under Rule 12(b)(6) does not test the merits of a claim; rather it tests the sufficiency of the complaint. *Gibson v. City of Chicago*, 910 F.2d 1510, 1520 (7th Cir. 1990). In deciding a 12(b)(6) motion, the court accepts all well-pleaded facts as true, and draws all reasonable inferences in favor of the plaintiff. *Id*. at 1521. To survive a 12(b)(6) motion, "a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is

plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*.

## DISCUSSION

I will first address Plaintiffs' breach of fiduciary duty claim. Because there is a substantial amount of overlap between the key issues of both claims, most of my analysis in the first section will also apply to the second section.

**I.      Breach of Fiduciary Duty**

Plaintiffs' first claim is that Defendant breached its fiduciary duty under 29 U.S.C. § 1104(a)(1) by arranging for the ESOP to purchase Personal-Touch shares above value, financed with an unreasonable loan rate. In order to state a claim for breach of fiduciary duty, Plaintiffs must plead: "(1) that the defendant is a plan fiduciary; (2) that the defendant breached its fiduciary duty; and (3) that the breach resulted in harm to the plaintiff." *Kenseth v. Dean Health Plan, Inc.*, 610 F.3d 452, 464 (7th Cir. 2010) (internal citation omitted). Because the first and third elements are not in dispute, the only element that I need to consider is whether Plaintiffs stated a claim for an actual breach of fiduciary duty.

ERISA fiduciaries are expected to act "with the care, skill, prudence, and diligence under the circumstances then prevailing that a prudent man acting in a like capacity and familiar with such matters would use in the conduct of an enterprise of a like character and with like aims." 29 U.S.C. § 1104(a)(1)(B). To act otherwise constitutes a breach of fiduciary duty.

Defendants argue that Plaintiffs have failed to plead sufficient facts to state a valid claim, and I agree. After removing the legal conclusions from Plaintiffs' complaint, the allegations boil down to: the ESOP (1) paid too much for the Personal-Touch shares that it

purchased because the price went down after the transaction; and (2) borrowed money to fund this purchase at a rate higher than the market rate—without providing any supporting detail. Without additional facts, Plaintiffs' allegations are "merely consistent with" a breach, *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 557 (2007), and fail to nudge their claim "across the line from conceivable to plausible," *Id*. at 570.

To be well-pleaded, the complaint must adequately allege how Defendant failed to act "with the care, skill, prudence, and diligence under the circumstances then prevailing…" 29 U.S.C. § 1104(a)(1)(B). To the extent that Plaintiffs make allegations regarding Defendant's failure to conduct a thorough review of Personal-Touch's fair market value, and other allegations to that effect, the claims are conclusory. Such allegations need not be accepted as true. *Iqbal*, 556 U.S. at 678.

Factually, Plaintiffs allege that the value of ESOP's Personal-Touch shares dropped immediately after the purchase: by 22% within one month of the transaction; by 50% by the end of 2011; and by 55% by the end of 2013. For these facts to support Plaintiffs' claim that the ESOP overpaid for Personal-Touch stock, I would have to assume that the fair market value of Personal-Touch was better estimated by the post-drop price than the pre-drop price. In evaluating the breach of fiduciary duty claim, however, I focus solely on Defendant's actions or inactions at the time of the ESOP formation and stock purchase. I find that the value of Personal-Touch stock *post facto* does not speak directly to Defendant's duty "under the circumstances then prevailing" at the time of the purchase. The value of Personal-Touch stock after the purchase is not necessarily indicative of the fair market value before the purchase, and I certainly find 2011 or 2013 stock prices irrelevant.

The Supreme Court recently addressed the issue of post-purchase stock prices in *Fifth*

*Third Bancorp v. Dudenhoeffer*, 134 S. Ct. 2459 (2014). According to the Court, "allegations that a fiduciary should have recognized from publicly available information alone that the market was over- or undervaluing the stock are implausible as a general rule, at least in the absence of special circumstances." *Id*. at 2471. Although the *Dudenhoeffer* holding dealt with publicly traded stock instead of a privately held company such as Personal-Touch, *Dudenhoeffer*'s emphasis on special circumstances seems applicable in this case. Absent an allegation of special circumstances regarding, for example, a specific risk a fiduciary failed to properly assess, any fiduciary would be liable for at least discovery costs when the value of an asset declines. Such a circumstance cannot be the intention of Rule 8(a), or *Dudenhoeffer*. An allegation of a special circumstance is missing in this case—in fact, we know absolutely nothing about the financial situation of Personal-Touch.

This requirement for special circumstances is consistent with Judge Pallmeyer's opinion in *Neil v. Zell*, 677 F. Supp. 2d 1010 (N.D. Ill. 2009), as amended (Mar. 11, 2010), which addresses a legally similar, but far more factually complex case. *Neil* resulted in denial of a motion to dismiss because the allegations raised "serious questions regarding whether [Defendant] adequately considered the risk created by the great amount of debt Tribune would take on in the deal." *Id*. at 1020. The key part of that holding was a special circumstance, the great amount of debt Tribune took on in its ESOP deal, a fact well-pleaded in the complaint. *Id*. at 1018.

Plaintiffs also allege, as a potentially independent ground for breach of fiduciary duty, that the $60 million loan from Personal-Touch to the ESOP was at an annual interest rate of 6.25% when the market rate for loans of similar terms was 4.25%. Without their reference to the ESOP's 2010 financial statement, Plaintiffs have nothing to bolster their claim that the market

5

rate was, in fact, 4.25%.[1] This allegation is simply too bare-boned and conclusory to defeat a 12(b)(6) motion.

Furthermore, even if Plaintiffs offered an acceptable pleading of the 4.25% market rate, it would not necessarily be enough to survive a 12(b)(6) motion. A reasonable rate is determined from all relevant factors, including the amount and duration of the loan, the security involved, the credit standing of the ESOP, and the interest rate prevailing for comparable loans. 29 C.F.R. § 2550.408b-3(g). Here, Plaintiffs pleaded only one relevant factor, the interest rate for comparable loans. The ESOP's loan being at a higher rate than comparable loans raises a possibility that the rate was unreasonable. However, a dearth of other facts makes it impossible to draw a plausible inference that the mismatched rates were due to a breach of fiduciary duty.

I therefore resist the opportunity to let this claim move forward supported only by a *post facto* drop in share price and the conclusory allegation that the loan rate was higher than the market rate. Accordingly, neither the discrepancy in loan rates nor the *post facto* drop in stock price, considered separately or together, support a plausible inference that Defendant breached its fiduciary duty. The first claim is dismissed.

## II. Prohibited Transactions Claim

In their second claim, Plaintiffs allege that Defendant caused the ESOP to engage in prohibited transactions under 29 U.S.C. § 1106(a)(1)(A-B) when the ESOP both bought stock and received a loan from a "party in interest." Personal-Touch is a party in interest because it is an employer whose employees are covered by the ESOP. 29 U.S.C. § 1002(14)(C). The ERISA statute categorically prohibits almost any transaction between an ESOP and a party in interest,

---

[1] As discussed in the "Background" section above, Plaintiffs initially alleged that "accountants for the ESOP determined that a fair interest rate for similar private debt transactions was 4.25%" and cited to ESOP's "2010 5500 Financial Statement Note G" to support this allegation. Because Plaintiffs acknowledge that the ESOP's 2010 "5500" statement provides no such support, however, I am proceeding under the assumption that this mistaken allegation will be stricken from the complaint.

but then provides a long list of exemptions. 29 U.S.C. § 1106(a)(1)(A-B).

A purchase of shares by an ESOP from a party in interest is exempted from being a prohibited transaction if the shares are purchased for "adequate consideration." 29 U.S.C. § 1108(e)(1)(A). Adequate consideration is defined, for a security with no generally recognized market,[2] as "the fair market value of the asset as determined in good faith by the trustee or named fiduciary pursuant to the terms of the plan and in accordance with regulations promulgated by the Secretary." 29 U.S.C. § 1002(18)(B). Under Seventh Circuit caselaw, this statutory provision creates a two-part test that (1) the ESOP paid no more than fair market value and (2) the fair market value was determined in good faith. *Keach v. U.S. Trust Co.*, 419 F.3d 626, 636 (7th Cir. 2005). At trial, the defendant would carry the burden of satisfying this test. *Id*.

Because Plaintiffs have not alleged that Defendant operated in bad faith, fair market value is the only component of "adequate consideration" at issue. Conveniently, the central question here is the same issue that was already discussed above: did Plaintiffs successfully plead that the ESOP paid more than fair market value for the Personal-Touch shares? For the reasons in my analysis above, the well-pleaded facts in Plaintiffs' complaint rise only to the level of possibility, not plausibility.

I must next consider the loan. An extension of credit from a party in interest to an ESOP is a prohibited transaction unless (1) the loan is primarily for the benefit of the plan participants and (2) "such loan is at an interest rate which is not in excess of a reasonable rate." 29 U.S.C. § 1108(b)(3). Plaintiffs do not dispute that the loan was primarily for the benefit of the plan participants. The only relevant question, therefore, is whether the loan rate exceeded a reasonable rate. Again, the question of whether Plaintiffs successfully pleaded an unreasonable rate was analyzed above. The well-pleaded facts are sufficient only to support the possibility of

---

[2] It appears that this is the case for Personal-Touch, though the parties did not specifically brief that issue.

such a rate, not plausibility. Accordingly, the second claim is also dismissed.

## CONCLUSION

For the reasons stated above, I am granting Defendant's motion to dismiss both claims. I am conscious of the Seventh Circuit's guidance that "a plaintiff's pleading burden should be commensurate with the amount of information available to them," *Bausch v. Stryker Corp.*, 630 F.3d 546, 561 (7th Cir. 2010), and that Plaintiffs may well be able to plead their claim with additional facts giving rise to the necessary plausibility. Therefore, this dismissal is without prejudice and with leave to amend the complaint.

ENTER:

*James B. Zagel*

James B. Zagel
United States District Judge

DATE: October 1, 2015