UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| LISA ALLEN and MISTY DALTON, ) ) ) Plaintiffs, ) ) v. ) ) GREATBANC TRUST COMPANY, ) ) Defendant. ) ) ) | Case No. 1:15-cv-03053 Judge John Robert Blakey |

**PRELIMINARY APPROVAL ORDER OF CLASS
ACTION SETTLEMENT AND PROPOSED NOTICE**

This matter has come before the Court on Plaintiffs' Motion for Preliminary Approval of Class-Action Settlement and Proposed Notice of Settlement.

I. Preliminary Approval of Settlement

The Named Plaintiffs have moved for class certification in conjunction with the settlement. The Court finds that, consistent with numerous authorities, the certification of plaintiffs' claims under Fed. R. Civ. P. 23(b)(1) is satisfied here. The Court further finds that the law firm of Bailey & Glasser are experienced class action and ERISA counsel and appoints Gregory Y. Porter of Bailey & Glasser as class counsel. The Court also finds that the Named Plaintiffs have shown themselves to be adequate class representatives and they are appointed as such. Finally, the Court appoints KCC LLC as Settlement Administrator and Escrow Agent for the Settlement Fund.

A District Court may, in its discretion, approve a settlement if it is "fair, reasonable, and adequate." FED. R. CIV. PRO. 23(e)(1)(C), *Isby v. Bayh*, 75 F.3d 1191, 1196 (7th Cir. 1996) (district court's approval of class-action settlement reviewed for abuse of discretion). The first step in approval is preliminary, pre-notification hearing to determine whether the proposed settlement is within the range of possible approval. *In re AT & T Mobility Wireless Data Servs. Sales Litig.*, 270 F.R.D. 330, 346 (N.D. Ill. 2010). At this hearing, if the Court determines that the settlement is within the range of possible approval, it proceeds to the fairness hearing. Class members are notified of the proposed settlement and the fairness hearing, at which they and interested parties may be heard. *Id.*

In deciding whether to preliminarily approve a settlement, the District Court must consider the "the strength of plaintiffs' case compared to the amount of defendants' settlement offer, an assessment of the likely complexity, length and expense of the litigation, an evaluation of the amount of opposition to settlement among affected parties, the opinion of competent counsel, and the stage of the proceedings and the amount of discovery completed at the time of settlement." *Isby*, 75 F.3d at 1199. The "most important factor relevant to the fairness of a class action settlement" is the first one listed: "the strength of plaintiff's case on the merits balanced against the amount offered in the settlement." *In re General Motors Corp. Engine Interchange Litig.*, 594 F.2d 1106, 1132 (7th Cir. 1979) (citing the MANUAL FOR COMPLEX LITIGATION § 1.46 at 56 (4th ed. 1977)). When analyzing whether a proposed settlement is fair, reasonable, and adequate, courts "should refrain from

resolving the merits of the controversy or making a precise determination of the parties' respective legal rights." *E.E.O.C. v. Hiram Walker & Sons, Inc.*, 768 F.2d 884, 889 (7th Cir. 1985).

The Court held a hearing on December 6, 2018. The Court concludes that the proposed Settlement Agreement is within the range of possible settlement approval, such that notice to the class is appropriate. The Court finds that the Settlement Agreement is the result of extensive, arm's-length negotiations by counsel well-versed in ERISA litigation and class actions. The involvement of a mediator is additional evidence of arm's-length negotiation.

## II. Class Notice

Pursuant to Federal Rule of Civil Procedure 23(c)(2)(B), notice to the class must provide:

> the best notice practicable under the circumstances, including individual notice to all members who can be identified through reasonable effort. The notice must concisely and clearly state in plain, easily understood language: the nature of the action; the definition of the class certified; the class claims, issues, or defenses; that a class member may enter an appearance through counsel if the member so desires; that the court will exclude from the class any member who requests exclusion, stating when and how members may elect to be excluded; and the binding effect of a class judgment on class members under Rule 23(c)(3).

FED. R. CIV. PRO. 23(c)(2)(B). When class members' names and addresses are known or knowable with reasonable effort, notice can be accomplished by first-class mail. *See, e.g., Eisen v. Carlisle & Jacquelin*, 417 U.S. 156, 174–75, 94 S.Ct. 2140, 40 L.Ed.2d 732 (1974). Due process requires that class members generally must receive notice of the terms of settlement. *See Eisen v. Carlisle and Jacquelin*, 417 U.S. 156,

173–76, 94 S.Ct. 2140, 2150–52, 40 L.Ed.2d 732 (1974); *Simer v. Rios*, 661 F.2d 655, 666–67 (7th Cir. 1981).

The Court concludes that the notice proposed by Plaintiffs satisfies the requirements of Rule 23(e) and due process and is otherwise fair and reasonable.

### III. Settlement Procedure

The Court hereby sets the following settlement procedure:

1. Within forty-five (45) calendar days of the date of this Order, the Settlement Administrator will mail the Class Notice to all Class Members;

2. Any Class Member who wishes to object to this Settlement or otherwise to be heard concerning this Settlement shall timely inform the District Court in writing of his or her intent to object to this Settlement and/or to appear at the Fairness Hearing by following the procedures set forth in the Class Notice ("Objection"). To be considered timely, the Objection must bear a postmark that is no later than Tuesday, April 16, 2019. The Objection must set forth any and all objections to this Settlement and include any supporting papers and arguments;

3. Plaintiffs will file a Motion for Attorneys' Fees, Costs, and Class Representative Service Awards no later than Monday, April 1, 2019;

4. Plaintiffs will file a Motion for Final Approval of Settlement no later than Monday, April 1, 2019;

5. The Court will hold a fairness hearing on Wednesday, May 1, 2019, at 9:45 a.m., at the United States District Court for the Northern District of Illinois, Eastern Division, 219 S. Dearborn St., Chicago, Illinois 60604, Courtroom 1203;

6. The parties shall abide by all terms of the Settlement Agreement.

Dated: December 7, 2018

Entered:

_____
John Robert Blakey
United States District Judge