UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| LISA ALLEN and MISTY DALTON, | |
| Plaintiffs, | Case No. 15-cv-3053 |
| v. | |
| GREATBANC TRUST COMPANY, | Judge John Robert Blakey |
| Defendant. | |

## FINAL APPROVAL ORDER

Plaintiffs Lisa Allen and Misty Dalton were employees of Personal Touch Holding Corp. ("Personal Touch") and participants in the Personal Touch Home Care Employee Stock Ownership Plan ("Plan" or "ESOP"). Plaintiffs sued Defendant GreatBanc Trust Co. ("GreatBanc" or "Defendant"), the trustee of the ESOP, alleging that GreatBanc violated the Employee Retirement Income Security Act of 1974 ("ERISA") and breached its fiduciary duties in connection with the purchase of 9,300,000 shares of Personal Touch stock on December 13, 2010 (the "ESOP Transaction") for $60,000,000.

Specifically, Plaintiffs alleged that GreatBanc violated ERISA § 404, 29 U.S.C. § 1104, and § 406, 29 U.S.C. § 1106, because GreatBanc: (1) failed to take reasonable steps to determine that it received complete, accurate and current information necessary to value Personal Touch stock; (2) failed to conduct a reasonable inquiry as to whether the individuals responsible for providing Personal Touch's financial projections: (a) had a conflict of interest in regards to the Plan; and (b) served as agents or employees of persons with such conflicts; (3) did not adequately investigate

or evaluate the reasonableness of the financial projections considered in the proposed ESOP Transaction; (4) did not take reasonable steps necessary to determine the prudence of relying on Personal Touch's financial statements provided to them; (5) caused the Plan to pay more than fair market value for Personal Touch stock; (6) failed to conduct a thorough and independent review and adequately consider whether the purchase of Personal Touch stock from the selling shareholders was in the best interests of the Plan; (7) caused the Plan to take on excessive debt in connection with the ESOP Transaction; (8) failed to undertake an adequate and independent valuation of the Personal Touch stock prior to the ESOP Transaction; (9) failed to adequately consider all material facts in negotiating the ESOP Transaction; (10) authorized the Plan to take a loan to finance the acquisition of stock at an interest rate that was above market rate for this type of transaction; (11) failed to adequately remedy the Plan's overpayment for Personal Touch stock at any time between January 2010 and the present; and (12) engaged in prohibited transactions forbidden by ERISA when it caused the Plan to borrow money, and acquire securities, from parties in interest, acted in a transaction involving the Plan on behalf of a party whose interests were adverse to the interests of the Plan or its participants, and received consideration for its own personal account from a party dealing with the Plan in connection with a transaction involving the assets of the Plan. *See* First Amended Complaint [56], ¶¶ 34-51). Defendant denied any wrongdoing.

After extensive discovery and litigation, the Parties reached a settlement to resolve their dispute. Among other things, the Settlement calls for Defendant to set

up a Settlement Fund of $2.25 million to satisfy all claims, inclusive of all costs (the "Settlement Fund"). The Court granted preliminary approval of the Settlement on December 7, 2018 and approved the parties' proposed notice and notice plan. *See* [104].

On May 1, 2019, the Court held a Fairness Hearing and considered both Plaintiffs' unopposed motion for final approval of the class action settlement [106] and Plaintiffs' unopposed motion for approval of attorneys' fees, expenses, and contribution awards [105]. Notice was previously sent to all class members; no class members appeared at the Fairness Hearing, and none filed objections to the Settlement or to either motion.

Based upon the record before it, the Court accepts the Settlement as fair, reasonable, adequate and in the best interest of class members. The Settlement and this Court's certification of the Class under Rule 23(b)(1)(B) of the Federal Rules of Civil Procedure provide for a mandatory class and provide that class members are not permitted to exclude themselves from the Settlement.

The Court grants Plaintiffs' unopposed motion for final approval [106] and grants Plaintiffs' unopposed motion for fees, costs, and case contribution awards [105]. This case was extensively litigated and settled almost on the eve of trial. Counsel and the named Plaintiffs worked hard to achieve the ultimate result, which is favorable to class members. Having reviewed the filings and awards in similar cases, the Court finds that Class Counsel's request of $521,175 in attorneys' fees and $557,775 in reimbursement of expenses is reasonable. *See Beesley v. Int'l Paper Co.*,

3

No. 3:06-CV-703, 2014 WL 375432, at *2 (S.D. Ill. Jan. 31, 2014) (one-third fee is consistent with the market rate in settlements concerning ERISA cases); *McCue v. MB Fin., Inc.*, No. 15-988, 2015 WL 4522564 (N.D. Ill. July 23, 2015) (awarding 33.33% of the fund plus costs); *Zolkos v. Scriptfleet, Inc.*, No. 12-8230, 2015 WL 4275540 (N.D. Ill. July 13, 2015) (same). Therefore, the Court awards Class Counsel $1,078,950.00 to be paid from the Settlement Fund. Additionally, having reviewed the filings and awards in similar cases, including *Cook v. Niedert*, 142 F.3d 1004, 1016 (7th Cir. 1998), the Court awards Plaintiffs Lisa Allen and Misty Dalton $10,000.00 each as a Case Contribution Award to be paid from the Settlement Fund. Plaintiffs Allen and Dalton participated fully throughout these proceedings.

The case is set for a status hearing on June 27, 2019 at 9:45 a.m. in Courtroom 1203. At that time, counsel or the Settlement Administrator should be prepared to report on the status of distributions to class members and any remaining funds in the Settlement Fund.

Dated: May 6, 2019

Entered:

_____
John Robert Blakey
United States District Judge